Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered July 31, 2002, which denied the motion of defendant Albert J. Urban seeking summary judgment dismissing the complaint against him.
It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.
Memorandum: Supreme Court properly denied the motion of defendant Albert J. Urban seeking summary judgment dismissing the complaint against him. Plaintiffs decedent was killed in a motor vehicle accident while a front-seat passenger in a vehicle driven by her husband, defendant Raymond J. Cooley (Cooley). Cooley turned left, crossing over two sets of double yellow lines that formed a turning median, in order to enter a restaurant, and his vehicle was struck by an oncoming vehicle driven by Urban. The motion of Urban for summary judgment was predicated upon his contention that Cooley’s negligence was the sole proximate cause of the accident.
It is well established that there can be more than one proximate cause of an accident. Here, the fact that Cooley made a left-hand turn in front of Urban’s vehicle is not dispositive of the issue whether Urban failed to exercise reasonable care in proceeding toward the area where the accident occurred without slowing, despite seeing the Cooley vehicle exit its lane of travel and traverse the entire median before turning into Urban’s lane of traffic (see Deshaies v Prudential Rochester Realty, 302 AD2d 999, 1000 [2003]; Woolley v Coppola, 179 AD2d 991, 992 [1992]).
*901 “To meet his initial burden on the motion, [Urban] had to establish both that [Cooley’s] vehicle ‘suddenly entered the lane where [Urban] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [Urban] could have done to avoid the collision’ ” (Fratangelo v Benson, 294 AD2d 880, 881 [2002]). Although we recognize that Urban was entitled to anticipate that the other driver would obey the traffic laws that required him to yield the right-of-way to Urban (see Galvin v Zacholl, 302 AD2d 965, 966 [2003], lv denied 100 NY2d 512 [2003]), in this case, we cannot conclude as a matter of law that Urban was not comparatively negligent (see Boston v Dunham, 274 AD2d 708, 710 [2000]). Urban’s own deposition testimony, submitted in support of the motion, raises an issue of fact whether Urban was negligent in failing to reduce his rate of speed or take some evasive action in an effort to avoid the accident (see King v Washburn, 273 AD2d 725, 726 [2000]).
All concur except Scudder and Hayes, JJ., who dissent and vote to reverse in accordance with the following memorandum.