■ CHRISTIAN J. COCINA, Appellant, v COUNTY OF ERIE, Appellant, and BRIAN S. HECKMAN, Respondent, et al., Defendants. [859 NYS2d 816]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered May 9, 2007 in a personal injury action. The order granted the motion of defendant Brian S. Heckman for summary judgment dismissing the complaint and the cross claim of defendant County of Erie against him.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint and cross claim against defendant Brian S. Heckman are reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the motorcycle that he was operating was struck by a vehicle owned and operated by defendant Brian S. Heckman at an intersection in the Town of Eden.

Plaintiff was proceeding easterly toward the intersection, which was controlled by a stop sign. Heckman was proceeding northerly toward the intersection on a different road and had the right-of-way. Supreme Court erred in granting the motion of Heckman for summary judgment dismissing the complaint and the cross claim of defendant County of Erie (County) against him. In support of his motion, Heckman submitted his deposition testimony in which he stated that he was driving on the right-hand side of the road, that he looked both ways before entering the intersection, and that he did not observe plaintiff's motorcycle until it had proceeded into the intersection immediately in front of his vehicle. However, Heckman also submitted the deposition testimony of plaintiff, who stated that he initially stopped at the stop sign and then crept forward in order to have a clearer view of the intersection. According to plaintiff, he came to a second complete stop less than two feet ahead of the stop sign, but before entering the intersection, at which time Heckman's vehicle struck his motorcycle. Thus, by his own submissions, Heckman raised a triable issue of fact whether he was negligent (*see Harper v Corsaro*, 306 AD2d 838, 839 [2003]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the burden never shifted to plaintiff or the County (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.