# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**212**

**CA 12-01513**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

JEREMY CUPP, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

EDWARD MCGAFFICK AND VANSANTIS DEVELOPMENT, INC.,
DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., ROCHESTER (SAREER A. FAZILI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, ROCHESTER (TIMOTHY P. WELCH OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered November 30, 2011. The order denied plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained as a result of an accident in which his motorcycle was struck by a tractor-trailer that was owned by VanSantis Development, Inc. and operated by Edward McGaffick (collectively, defendants). Plaintiff appeals from an order denying his motion for partial summary judgment on the issue of negligence. We agree with plaintiff that Supreme Court erred in denying the motion, and we therefore reverse the order and grant the motion.

The Vehicle and Traffic Law provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (Vehicle and Traffic Law § 1129 [a]). In support of the motion, plaintiff submitted his deposition testimony and that of McGaffick, wherein they each testified that the tractor-trailer operated by McGaffick struck plaintiff's motorcycle from the rear while the two vehicles proceeded in the right lane of traffic on the New York State Thruway. Thus, "plaintiff[] established [his] prima facie entitlement to judgment as a matter of law by demonstrating, through [his] deposition testimony, that [his] vehicle was traveling within one lane of traffic at all times when it was struck in the rear by [McGaffick's] vehicle" (*Scheker v Brown*, 85 AD3d 1007, 1007; *see*

*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672-673; *see also Atkinson v Safety Kleen Corp.*, 240 AD2d 1003, 1004; *cf. Maxwell v Lobenberg*, 227 AD2d 598, 598-599).  Additionally, it is well settled that "drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*Byrne v Calogero*, 96 AD3d 704, 705; *see Johnson v Phillips*, 261 AD2d 269, 271).  McGaffick's deposition testimony that he did not see plaintiff's motorcycle before the collision establishes that he violated that duty.

Defendants' submission of McGaffick's deposition testimony that it was rainy and dark and that plaintiff was wearing dark clothing did not raise a triable issue of fact in opposition to the motion.  "Even according full credit to the defendants' version of the accident, it was insufficient to raise a triable issue of fact in light of the circumstances of the accident" (*Volpe v Limoncelli*, 74 AD3d 795, 795; *see also Faul v Reilly*, 29 AD3d 626, 626; *Downs v Toth*, 265 AD2d 925, 925).  "When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and to . . . compensate for any known adverse road conditions" (*Young v City of New York*, 113 AD2d 833, 834; *see Downs*, 265 AD2d at 925).  In addition, plaintiff testified at his deposition that his motorcycle lights were illuminated, and defendants introduced no evidence to the contrary.  Consequently, the court erred in denying the motion.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                 Clerk of the Court