Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered October 16, 2012 in a personal injury action. The order granted defendants’ motion for summary judgment dismissing the first amended complaint.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained when the vehicle in which she was a passenger, which was operated by her husband, was struck by a truck operated by Bruce S. Barratt (defendant) and owned by defendant Erie Logistics, LLC. On the evening in question, plaintiffs husband stopped his vehicle at a stop sign on East Centerville Road where it intersects with Route 243 in Rushford. Defendant was operating his truck at slightly above the speed limit of 55 miles per hour on Route 243, with the right-of-way. After coming to a stop, plaintiffs husband moved forward a bit and then stopped again. Not observing any oncoming traffic, plaintiffs husband drove into the intersection, where his vehicle was struck by defendant’s truck. There is no stop sign or traffic control device for traffic on Route 243. In appeal No. 1, plaintiff appeals from an order granting defendants’ motion for summary judgment dismissing the first amended complaint and, in appeal No. 2, she appeals from an order denying her motion for leave to reargue and renew her opposition to *1299 defendants’ motion. With respect to appeal No. 2, we dismiss the appeal from the order therein to the extent that it denied leave to reargue (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [1990]), and we otherwise affirm the order in each appeal.
“It is well settled that a driver who has the right-of-way is entitled to anticipate that drivers of other vehicles will obey the traffic laws requiring them to yield” (Malbory v David Chevrolet Buick Pontiac, Inc., 108 AD3d 1109, 1110 [2013]; see Vehicle and Traffic Law § 1142 [a]). Nevertheless, “a driver cannot blindly and wantonly enter an intersection . . . but, rather, is bound to use such care to avoid [a] collision as an ordinarily prudent [motorist] would have used under the circumstances” (Strasburg v Campbell, 28 AD3d 1131, 1132 [2006] [internal quotation marks omitted]).
Here, we conclude with respect to the order in appeal No. 1 that defendants met their initial burden of establishing that defendant was operating his vehicle “ ‘in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision’ ” (Daniels v Rumsey, 111 AD3d 1408, 1410 [2013]; see Ithier v Harnden, 13 AD3d 1204, 1205 [2004]). Defendant testified that he saw plaintiffs vehicle at the stop sign, braked as soon as he entered the intersection, and turned to the left “microseconds” after he braked. Despite defendant’s efforts to avoid the accident, his truck struck the rear of plaintiffs vehicle on the passenger’s side. In opposition to the motion, plaintiff failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiffs contention, “the fact that [defendant] may have been driving at a speed in excess of five miles per hour over the posted speed limit ... is inconsequential inasmuch as there is no indication that [defendant] could have avoided the accident even if [he] had been traveling at or below the posted speed limit” (Daniels, 111 AD3d at 1410).
We conclude with respect to the order in appeal No. 2 that Supreme Court properly denied that part of plaintiffs motion for leave to renew. It is well settled that a motion for leave to renew must be “based upon new facts not offered on the prior motion that would change the prior determination,” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; see Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168, 1170 [2008], lv denied 11 NY3d 825 [2008]). Here, the only reason proffered by plaintiff for failing to submit her expert’s affidavit in opposition to defendants’ motion is that she believed that she had raised an is *1300 sue of fact without it and that the court would therefore deny defendants’ motion. That is not a reasonable justification for the failure to present the affidavit on the initial motion. As we have previously stated, a motion for leave to renew “is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” Welch Foods v Wilson, 247 AD2d 830, 831 [1998] [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Wilkins, 97 AD3d 527, 528 [2012]; Tibbits v Verizon N.Y., Inc., 40 AD3d 1300, 1302-1303 [2007]).
All concur except Whalen, J., who dissents and votes to reverse in accordance with the following memorandum.