# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**449**
**CA 14-01730**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

SUSAN M. COFFED, AS ADMINISTRATOR OF THE ESTATE
OF JAMES B. COFFED, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN N. MCCARTHY AND GASPERINO F. FULFARO,
DEFENDANTS-APPELLANTS.

---

ADAMS, HANSON, REGO, KAPLAN & FISHBEIN, WILLIAMSVILLE (NICOLE B. PALMERTON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (NELSON E. SCHULE, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered June 18, 2014. The order denied defendants' motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, defendants' motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff, as administrator of the estate of her husband (decedent), commenced this action seeking damages for fatal injuries sustained by decedent when the bicycle he was riding collided with a dump truck operated by John N. McCarthy (defendant) and owned by defendant Gasperino F. Fulfaro. Defendant had been traveling eastbound on Walden Avenue in the Village of Lancaster and was attempting to turn right onto Sheldon Avenue. Decedent was also traveling eastbound on Walden Avenue and was attempting to proceed across Sheldon Avenue on his bicycle. Several witnesses, including defendant, stated that the traffic signal controlling the intersection was red for eastbound traffic on Walden Avenue at the time of the accident. Although defendant initially told the police that the signal was green in his favor, he later explained that he was "very confused and upset" when he made that statement, and we agree with defendants that the record establishes as a matter of law that the signal was red.

Defendants contend that Supreme Court erred in denying their motion seeking summary judgment dismissing the complaint on the ground that decedent's failure to stop at the red light was the sole proximate cause of the accident. We agree. Defendants established

that defendant came to a complete stop at the red light and cautiously entered the intersection to make a legal right turn (*see* Vehicle and Traffic Law § 1111 [d] [2] [b]; *see generally Barile v Carroll*, 280 AD2d 988, 988), that defendant was unable to see decedent approaching the intersection (*see generally Wallace v Barody*, 124 AD3d 1172, 1173; *Barile*, 280 AD2d at 988-989), and that decedent was negligent as a matter of law in proceeding into the intersection against the red light (*see* § 1111 [d] [1]; *McLeod v Taccone*, 122 AD3d 1410, 1411; *Shapiro v Munoz*, 28 AD3d 638, 638). We therefore conclude that defendants "met their initial burden of establishing that defendant was operating his vehicle in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision" (*Heltz v Barratt*, 115 AD3d 1298, 1299, *affd* 24 NY3d 1185 [internal quotation marks omitted]). As a bicyclist, decedent was required to obey the traffic signal (*see* § 1231; *Joannis v Cahill*, 71 AD3d 1437, 1438), and thus was not "lawfully using the intersection" at the time of accident (§ 1111 [d] [2] [b]). We reject plaintiff's contention that decedent's failure to obey the traffic signal may have been excusable because of sun glare (*see generally Lifson v City of Syracuse*, 17 NY3d 492, 498).

In opposition to the motion, plaintiff failed to raise a triable issue of fact. Even assuming, arguendo, that plaintiff's opposing papers sufficiently preserved for our review her contention on appeal concerning the allegedly inoperable condition of the right rear turn signal on defendant's truck, we conclude that the condition of that turn signal was not a proximate cause of the accident (*see generally Velez v Hurley*, 264 AD2d 513, 514-515). The record establishes that there was an operable right turn signal on the truck's dump box that was activated and would have been visible from behind the truck, and further establishes that decedent was riding with his head down and not paying attention to his surroundings.

All concur except CENTRA and WHALEN, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. "Viewing the evidence in the light most favorable to the non-moving party, as we must . . . , we conclude that there are issues of fact that preclude summary judgment" (*Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, 1089, *lv dismissed* 5 NY3d 746). We would therefore affirm the order denying defendants' motion for summary judgment dismissing the complaint.

At the outset, we acknowledge that decedent was "subject to all of the duties applicable to the driver of a vehicle" pursuant to Vehicle and Traffic Law § 1231, and that defendants submitted evidence that decedent violated Vehicle and Traffic Law § 1111 (d) (1) by proceeding into the intersection against the red light. Plaintiff, however, submitted evidence concerning the position of the bicycle after the accident that raised an issue of fact whether decedent proceeded into the intersection at all, thereby raising an issue of fact whether he violated the statute (*see Sayed v Aviles*, 72 AD3d 1061, 1062-1063).

Even assuming, arguendo, that decedent was negligent and that his

negligence contributed to the accident, we conclude that a jury should resolve the issue whether decedent's negligence was the sole proximate cause of the accident.  " 'There can be more than one proximate cause of an accident' . . . , and the issue of comparative negligence is generally a question for the jury to decide" (*Todd v Godek*, 71 AD3d 872, 872).  Here, there was evidence that would support a finding that John N. McCarthy (defendant) was negligent in his operation of the dump truck and that his negligence contributed to the accident.  Defendant had an obligation to " 'see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (*Cupp v McGaffick*, 104 AD3d 1283, 1284), including in particular a collision with a bicyclist (*see* Vehicle and Traffic Law § 1146 [a]).  Defendant testified that he saw decedent in the bicycle lane a mile before the intersection where the collision occurred.  Even if we credit defendant's further testimony that he did not see decedent immediately before the accident, we conclude that triable issues of fact remain whether defendant "failed to see what was there to be seen through the proper use of his senses" (*Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d 787, 789).  In addition, it is undisputed that there was a bicycle lane to defendant's right as he drove on Walden Avenue toward the intersection, and a jury should determine whether, in the exercise of due care, defendant should have anticipated that a bicyclist would be in the bicycle lane (*see Colpan v Allied Cent. Ambulette, Inc.*, 97 AD3d 776, 777-778).

Finally, we cannot agree with the majority's conclusion that the inoperable condition of the truck's rear turn signal was not a proximate cause of the accident as a matter of law.  That conclusion "requires the resolution of factual inferences in favor of defendants, which is improper on a motion for summary judgment" (*Morris v Lenox Hill Hosp.,* 232 AD2d 184, 185, *affd* 90 NY2d 953).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court