Centra and Whalen, JJ.
(dissenting). We respectfully dissent. “Viewing the evidence in the light most favorable to the non-moving party, as we must. . . , we conclude that there are issues of fact that preclude summary judgment” (Russo v YMCA of Greater Buffalo, 12 AD3d 1089, 1089 [2004], lv dismissed, 5 NY3d 746 [2005]). We would therefore affirm the order denying defendants’ motion for summary judgment dismissing the complaint.
At the outset, we acknowledge that decedent was “subject to all of the duties applicable to the driver of a vehicle” pursuant to Vehicle and Traffic Law § 1231, and that defendants submitted evidence that decedent violated Vehicle and Traffic Law § 1111 (d) (1) by proceeding into the intersection against the red light. Plaintiff, however, submitted evidence concerning the position of the bicycle after the accident that raised an issue of fact whether decedent proceeded into the intersection at all, thereby raising an issue of fact whether he violated the statute (see Sayed v Aviles, 72 AD3d 1061, 1062-1063 [2010]).
Even assuming, arguendo, that decedent was negligent and that his negligence contributed to the accident, we conclude that a jury should resolve the issue whether decedent’s negligence was the sole proximate cause of the accident. “ ‘There can be more than one proximate cause of an accident’ . . . , and the issue of comparative negligence is generally a *1439 question for the jury to decide” (Todd v Godek, 71 AD3d 872, 872 [2010]). Here, there was evidence that would support a finding that John N. McCarthy (defendant) was negligent in his operation of the dump truck and that his negligence contributed to the accident. Defendant had an obligation to “ ‘see what should be seen and to exercise reasonable care under the circumstances to avoid an accident’ ” (Cupp v McGaffick, 104 AD3d 1283, 1284 [2013]), including in particular a collision with a bicyclist (see Vehicle and Traffic Law § 1146 [a]). Defendant testified that he saw decedent in the bicycle lane a mile before the intersection where the collision occurred. Even if we credit defendant’s further testimony that he did not see decedent immediately before the accident, we conclude that triable issues of fact remain whether defendant “failed to see what was there to be seen through the proper use of his senses” (Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789 [2014]). In addition, it is undisputed that there was a bicycle lane to defendant’s right as he drove on Walden Avenue toward the intersection, and a jury should determine whether, in the exercise of due care, defendant should have anticipated that a bicyclist would be in the bicycle lane (see Colpan v Allied Cent. Amhulette, Inc., 97 AD3d 776, 777-778 [2012]).
Finally, we cannot agree with the majority’s conclusion that the inoperable condition of the truck’s rear turn signal was not a proximate cause of the accident as a matter of law. That conclusion “requires the resolution of factual inferences in favor of defendants, which is improper on a motion for summary judgment” (Morris v Lenox Hill Hosp., 232 AD2d 184, 185 [1996], affd 90 NY2d 953 [1997]). Present — Scudder, P.J., Centra, Peradotto, Valentino and Whalen, JJ.