# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1214**
**CA 15-00228**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

MICHELLE DEERING, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF TAMMY HUBER,
DECEASED, PLAINTIFF-RESPONDENT,
ET AL., PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

LEEANN M. DEERING, DEFENDANT-RESPONDENT,
WILLIAM J. MACKEY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(ACTION NO. 1.)
---------------------------------------------
LEEANN M. DEERING, PLAINTIFF-RESPONDENT,

V

WILLIAM J. MACKEY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(ACTION NO. 2.)

---

SLIWA & LANE, BUFFALO (MICHAEL T. COUTU OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THE BALLOW LAW FIRM, P.C., WILLIAMSVILLE (MICHAEL D. BRAISTED OF
COUNSEL), FOR PLAINTIFF-RESPONDENT IN ACTION NO. 1.

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL),
FOR DEFENDANT-RESPONDENT AND PLAINTIFF-RESPONDENT IN ACTION NO. 2.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 1, 2014 in a personal injury action. The order, inter alia, denied in part the motion of defendant William J. Mackey for summary judgment dismissing the complaints and cross claims against him.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated actions arise out of a motor vehicle accident that occurred at the intersection of Route 5 and Bayview Road in defendant Town of Hamburg. At the time of the accident, Leeann M. Deering (Deering), a defendant in action No. 1 and the plaintiff in action No. 2, was driving southbound on Bayview Road. That road was controlled by a yield sign at the intersection with

Route 5, but Deering failed to yield the right-of-way to William J. Mackey (defendant), a defendant in both actions, who was driving westbound on Route 5. Defendant's vehicle struck Deering's vehicle on its passenger side. A passenger in the Deering vehicle, whose estate is represented by plaintiff Michelle Deering in action No. 1, was killed in the collision, and Deering was injured.

Defendant moved for summary judgment dismissing the complaints and cross claims against him, and, alternatively, he sought partial summary judgment against Deering on the issues of negligence and proximate cause. Supreme Court, inter alia, granted the alternative relief sought in defendant's motion, and that part of the order is not at issue on appeal. Defendant appeals from the order insofar as it otherwise denied his motion, and we affirm.

There is no dispute that Deering was negligent in failing to yield the right-of-way or that defendant was entitled to anticipate that she would obey the traffic laws that required her to yield the right-of-way to him (see *Dorr v Farnham*, 57 AD3d 1404, 1405-1406; *Cooley v Urban*, 1 AD3d 900, 901). Nevertheless, in moving for summary judgment, defendant had the burden of establishing not only that Deering was negligent, but also that he was free of comparative fault (see *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d 787, 789; *Cooley*, 1 AD3d at 901). Defendant failed to meet that burden, inasmuch as his own submissions raised triable issues of fact whether he was negligent (see *Cocina v County of Erie*, 52 AD3d 1256, 1257). At his deposition, defendant testified that he saw the Deering vehicle at the intersection after he traveled over an elevated overpass on Route 5 that is approximately 300 yards from the intersection, but he looked away and did not see the Deering vehicle before or at the moment of impact. "[I]t is well settled that 'drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident,' " and defendant's admitted failure to see the Deering vehicle immediately prior to the accident raises an issue of fact whether he violated that duty (*Cupp v McGaffick*, 104 AD3d 1283, 1284; see *Deshaies v Prudential Rochester Realty*, 302 AD2d 999, 1000). Thus, even though defendant had the right-of-way as he approached Bayview Road, he "may nevertheless be found negligent if he . . . fail[ed] to use 'reasonable care when proceeding into the intersection' . . . A driver 'cannot blindly and wantonly enter an intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132).

Contrary to defendant's contention, we conclude that the opinion of his accident reconstruction expert was insufficient to establish as a matter of law that defendant had no opportunity to avoid the accident. The expert listed the documents and other material he considered in reaching his conclusion, but failed to draw any specific connection between the facts and his conclusion. Thus, his opinion "lacks an adequate factual foundation and is of no probative value" (*Costanzo v County of Chautauqua*, 108 AD3d 1133, 1134).

Finally, we conclude that defendant failed to establish that he is entitled to judgment as a matter of law based upon the emergency

doctrine (*see generally Guzek v B & L Wholesale Supply, Inc.*, 126 AD3d 1506, 1507; *Andrews v County of Cayuga*, 96 AD3d 1477, 1479).