# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**902**

**CA 16-00082**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

ANTONIO JACKSON, PLAINTIFF,

                V                          MEMORANDUM AND ORDER

CITY OF BUFFALO AND JASON AUSTIN,
DEFENDANTS.
--------------------------------
CITY OF BUFFALO, THIRD-PARTY
PLAINTIFF-RESPONDENT,

                 V

TANEKA JACKSON, THIRD-PARTY
DEFENDANT-APPELLANT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CHRISTOPHER POOLE OF
COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered July 8, 2015. The order denied the motion
of third-party defendant for summary judgment dismissing the
third-party complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained while he was a passenger in a vehicle driven by
his wife, third-party defendant. Defendant Jason Austin was operating
a dump truck pulling an attached trailer, both of which were owned by
defendant City of Buffalo. Austin and third-party defendant were
traveling in the same direction on Eggert Road when Austin made a
right-hand turn and collided with the vehicle driven by third-party
defendant, which was to his right.

Supreme Court properly denied third-party defendant's motion
seeking summary judgment dismissing the third-party complaint. Third-
party defendant failed to meet her initial burden of establishing as a
matter of law that the sole proximate cause of the accident was
Austin's negligence (*see Burghardt v Cmaylo*, 40 AD3d 568, 569; *see
generally Zuckerman v City of New York*, 49 NY2d 557, 562). First,

there is a triable issue of fact whether Austin was negligent in making the turn.  The road was marked as a two-lane road, i.e., divided by a yellow line, with traffic going in both directions, but third-party defendant testified that the road was wide enough that two drivers could travel in the same lane in the same direction, thereby functionally creating two lanes in the same direction from a single lane.  Austin testified that he was driving the truck in the middle of the road, but more towards the curb, before he made his turn.  We conclude that there are triable issues of fact whether the road has one or two lanes of travel in the same direction and, if there are two such lanes, whether Austin made an improper right-hand turn from the leftmost lane (*see Secore v Allen*, 27 AD3d 825, 828-829; *cf. Tojek v Root*, 34 AD3d 1210, 1210).  Second, even assuming, arguendo, that third-party defendant established as a matter of law that Austin was negligent, she failed to establish that there was nothing she could do to avoid the accident and therefore failed to establish that she was free of comparative fault (*see Deering v Deering*, 134 AD3d 1497, 1498-1499; *Cooley v Urban*, 1 AD3d 900, 901).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court