■ GLASCO WRIGHT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 126445.) [65 NYS3d 874]—

Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered August 1, 2016. The order denied the motion of claimant for leave to renew that part of his prior motion seeking to treat the notice of intention as a claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, claimant seeks to recover damages for injuries that he allegedly sustained in 2013 during treatment for an eye injury. Claimant served a notice of intention to file a claim upon the Attorney General on June 12, 2015, and thereafter filed a claim in which he alleged that he received treatment on December 17, 2013, and further treatment during the next 12 months. He did not allege that he received treatment on any dates after December 17, 2014. Defendant served an answer asserting an affirmative defense that the notice of intention and the claim were untimely under the 90-day statute of limitations (see Court of Claims Act § 10 [3]). Claimant thereafter moved, inter alia, to treat the notice of intention as a claim (see § 10 [8] [a]). The Court of Claims denied that part of his motion on the ground that the notice of intention was untimely. Claimant then moved for leave to renew that part of his prior motion seeking to treat the notice of intention as a claim. In support of his motion, claimant submitted new evidence that he received additional medical treatment for his eye injury through June 11, 2015 or later, and he contended that his notice of intention was timely because the continuous treatment doctrine tolled the time in which to bring his medical malpractice claim (see generally McDermott v Torre, 56 NY2d 399, 405 [1982]). Claimant now appeals from the order denying his motion for leave to renew his prior motion.

The court properly denied claimant's motion for leave to renew. Insofar as is relevant here, "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). It is well established that "a motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (Heltz v Barratt, 115 AD3d 1298, 1300 [4th Dept 2014], affd 24 NY3d 1185 [2014]). Although claimant provided the court with a medical record purportedly documenting a medical appointment scheduled for June 11, 2015, he failed to provide a reasonable justification for his failure to present that medical rec-

ord or the facts contained therein on the initial motion (*see id.* at 1299-1300). Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.