Matter of Rochester Genesee Regional Transp. Auth. v Stensrud (2018 NY Slip Op 04139)





Matter of Rochester Genesee Regional Transp. Auth. v Stensrud


2018 NY Slip Op 04139


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


443 CA 17-02091

[*1]IN THE MATTER OF ROCHESTER GENESEE REGIONAL TRANSPORTATION AUTHORITY, PETITIONER-RESPONDENT,
v
JOHN R. STENSRUD, MARIA B. STENSRUD, RESPONDENTS-APPELLANTS, AND CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, AS MORTGAGEE, RESPONDENT. 






LACY KATZEN LLP, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (KATHLEEN M. BENNETT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 1, 2017. The order denied the motion of respondents John R. Stensrud and Maria B. Stensrud seeking leave to renew and reargue. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.
Memorandum: John R. Stensrud and Maria B. Stensrud (respondents) appeal from an order denying their motion seeking leave to reargue and renew with respect to a prior order that granted petitioner's motion in limine and denied respondents' cross motion in limine. No appeal lies from an order denying a motion seeking leave to reargue, and thus that part of respondents' appeal must be dismissed (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). Supreme Court properly denied that part of respondents' motion seeking leave to renew inasmuch as respondents failed to provide a reasonable justification for their failure to submit the new evidence in opposition to the prior motion and in support of the prior cross motion (see Heltz v Barratt, 115 AD3d 1298, 1299-1300 [4th Dept 2014], affd 24 NY3d 1185 [2014]; Wright v State of New York, 156 AD3d 1413, 1414-1415 [4th Dept 2017], appeal dismissed 31 NY3d 1001 [2018]). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first
factual presentation' " (Heltz, 115 AD3d at 1300).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court