Sims v Ciccone-Burton (2018 NY Slip Op 08821)





Sims v Ciccone-Burton


2018 NY Slip Op 08821


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1276 CA 18-00587

[*1]JENNIFER R. SIMS, PLAINTIFF-APPELLANT,
v
AYLA C. CICCONE-BURTON AND CHRISTA M. CICCONE, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered November 15, 2017. The order, insofar as appealed from, granted in part the motion of defendants for summary judgment and denied the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the complaint, as amplified by the bill of particulars, to that extent, and granting the cross motion in part with respect to the issue of negligence, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action to recover damages for the injuries she allegedly sustained when her vehicle was rear-ended by a vehicle owned by defendant Christa M. Ciccone and operated by defendant Ayla C. Ciccone-Burton (driver). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within, inter alia, the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories (see Insurance Law § 5102 [d]), and plaintiff cross-moved for partial summary judgment on the issues of negligence and serious injury. Supreme Court denied plaintiff's cross motion and granted defendants' motion except with respect to the 90/180-day claim. Plaintiff now appeals.
On the issue of serious injury, we reject plaintiff's contention that the court erred in denying her cross motion with respect to the 90/180-day claim. We agree with plaintiff, however, that defendants failed to meet the initial burden on their motion insofar as it sought summary judgment dismissing the significant limitation of use and permanent consequential limitation of use claims (see Crane v Glover, 151 AD3d 1841, 1841-1842 [4th Dept 2017]). We therefore modify the order accordingly.
Finally, the court erred in denying plaintiff's cross motion with respect to the issue of negligence, and we therefore further modify the order accordingly. "It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . In order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision . . . One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018] [internal quotation marks omitted]). Here, contrary to defendants' misconstruction of the record, the driver did not testify at her deposition that plaintiff suddenly stopped her vehicle and thereby precipitated the crash. Instead, the driver testified that she "remember[ed] being stopped and [that she] thought the car in front of [her] [*2]began to move, so [she] went on [her] acceleration [sic]. And next thing [she] knew there was a crack on [her windshield]." Far from constituting a nonnegligent explanation for the crash, the driver's deposition testimony conclusively establishes her own negligence, i.e., that she breached her " duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court