Carroll v Willow Bend Farm LLC (2020 NY Slip Op 00954)





Carroll v Willow Bend Farm LLC


2020 NY Slip Op 00954


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1007 CA 19-00526

[*1]TAMRA A. CARROLL, PLAINTIFF,
v
WILLOW BEND FARM LLC, KENNETH R. KUPERUS, DEFENDANTS-APPELLANTS, AND SUSAN L. KRULL, AS ADMINISTRATRIX OF THE ESTATE OF JACK MOSES BAKER, DECEASED, DEFENDANT-RESPONDENT. 






COUGHLIN & GERHART, LLP, BINGHAMTON (CAROLINE L. MYRDEK OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WHITEMAN OSTERMAN & HANNA LLP, ALBANY (TARA MACNEILL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered September 4, 2018. The order, insofar as appealed from, granted that part of the motion of defendant Susan L. Krull, as administratrix of the Estate of Jack Moses Baker for summary judgment dismissing the cross claim asserted against her. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking summary judgment dismissing the cross claim of defendants Willow Bend Farm LLC and Kenneth R. Kuperus is denied and that cross claim is reinstated.
Memorandum: This appeal arises out of a collision that occurred when a dump truck owned by defendant Willow Bend Farm LLC and operated by defendant Kenneth R. Kuperus (collectively, Willow Bend defendants) was traveling northbound on Darby's Corners Road through an intersection and was struck by a motorcycle operated by Jack Moses Baker that was traveling westbound on Italy Hill Road. The intersection where the collision occurred was controlled by a stop sign on Darby's Corners Road. Plaintiff was a passenger on the motorcycle, and she and Baker sustained injuries in the collision. Plaintiff brought an action against Baker and the Willow Bend defendants, alleging that her injuries were caused by their negligence, and the Willow Bend defendants asserted a cross claim against Baker for indemnification and contribution. Baker died during the litigation and was substituted by defendant Susan L. Krull, as administratrix of his estate (Baker Estate). The Baker Estate moved for summary judgment dismissing the complaint and all cross claims against it. Supreme Court granted the motion and the Willow Bend defendants appeal.
We agree with the Willow Bend defendants that the court erred in granting that part of the motion seeking summary judgment dismissing the Willow Bend defendants' cross claim. In moving for summary judgment, the Baker Estate had the initial burden of establishing, as a matter of law, that Baker "was operating [the motorcycle] in a lawful and prudent manner and that there was nothing that [Baker] could have done to avoid the collision" (Cooley v Urban, 1 AD3d 900, 901 [4th Dept 2003] [internal quotation marks omitted]; see generally Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015]). "[I]t is well settled that drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Deering, 134 AD3d at 1499 [internal quotation marks omitted]). "[U]nder the doctrine of comparative negligence, a driver who lawfully enters an intersection may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 298 [1st [*2]Dept 2008] [internal quotation marks omitted]; see Gilkerson v Buck, 167 AD3d 1470, 1471-1472 [4th Dept 2018]). We conclude that the Baker Estate failed to meet that burden, inasmuch as its own submissions in support of the motion raised a triable issue of fact (see Deering, 134 AD3d at 1498).
Although the Baker Estate established that Baker had the right-of-way as he approached the intersection, the Baker Estate submitted the deposition testimony of Baker and plaintiff, who each testified that, before the collision, Baker applied his brakes but did not attempt to steer around the dump truck. Baker further testified that he did not use his horn. Viewed in the light most favorable to the Willow Bend defendants, that testimony raises an issue of fact whether Baker exercised reasonable care under the circumstances to avoid an accident (see Pagels v Mullen, 167 AD3d 185, 188-189 [4th Dept 2018]; Luttrell v Vega, 162 AD3d 1637, 1637-1638 [4th Dept 2018]; Cooley, 1 AD3d at 901).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court