Brooks v Davis (2020 NY Slip Op 04021)





Brooks v Davis


2020 NY Slip Op 04021


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


181 CA 19-01562

[*1]MYLES BROOKS, PLAINTIFF-RESPONDENT-APPELLANT,
v
EVERLYENE DAVIS, DEFENDANT-APPELLANT-RESPONDENT. 






LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
BERGEN & SCHIFFMACHER, LLP, BUFFALO (TODD M. SCHIFFMACHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered March 19, 2019. The order denied the motion of defendant for summary judgment and granted in part the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained in a motor vehicle collision. Defendant was operating a vehicle in the City of Buffalo traveling west on Broadway, at a speed of 20 miles per hour, toward the intersection of Broadway and Spring Street. It was a clear day. Defendant had an unobstructed view of the intersection, which was controlled by stop signs for vehicles entering from Spring Street. Plaintiff was a passenger in a truck traveling north on Spring Street. At his deposition, he testified that the truck stopped for three or four seconds at the stop sign and then proceeded gradually into the intersection, first crossing the two eastbound lanes of Broadway before entering the westbound lane in which defendant was traveling. Defendant's vehicle collided with the passenger side of the truck, causing injury to plaintiff. At her deposition, defendant testified that she did not see the truck at the stop sign, did not see it enter the intersection, and did not see it cross two lanes of Broadway. By the time she saw the truck, it was directly in front of her and the collision had already occurred.
Defendant appeals from an order denying her motion for summary judgment dismissing the complaint. Plaintiff cross-appeals from the same order insofar as it denied that part of his cross motion seeking partial summary judgment on the issue of negligence.
Contrary to defendant's contention on her appeal, Supreme Court properly denied her motion inasmuch as she failed to meet her initial burden of establishing that she was not negligent as a matter of law (see Gilkerson v Buck, 167 AD3d 1470, 1471 [4th Dept 2018]). " It is well settled that a driver who has the right-of-way is entitled to anticipate that drivers of other vehicles will obey the traffic laws requiring them to yield' " (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; see Vehicle and Traffic Law
§ 1142 [a]). "Nevertheless, a driver cannot blindly and wantonly enter an intersection . . . but, rather, is bound to use such care to avoid [a] collision as an ordinarily prudent [motorist] would have used under the circumstances" (Heltz, 115 AD3d at 1299 [internal quotation marks omitted]; see Gilkerson, 167 AD3d at 1471-1472). Here, defendant's own submissions, including her own deposition testimony, raised an issue of fact whether she met her "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Gilkerson, 167 AD3d at 1472 [internal quotation marks omitted]; cf. Heltz, 115 AD3d at 1298-1299).
We respectfully disagree with the view of our dissenting colleagues that Godwin v [*2]Mancuso (170 AD3d 1672 [4th Dept 2019]) compels a different result. In our view, the facts are distinguishable. The truck in the instant case approached from a greater distance than did the vehicle operated by the plaintiff in Godwin, and defendant in the instant case was traveling at half the speed of the defendant in Godwin (see id. at 1672-1673). Nonetheless, the defendant in Godwin, unlike defendant in the instant case, noticed the approaching vehicle when it was one car length away, and she had time to apply the brakes and substantially slow her vehicle.
Inasmuch as there are issues of fact, we reject plaintiff's contention on his cross appeal that the court erred in denying his cross motion with respect to the issue of negligence (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
All concur except Lindley and Dejoseph, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent inasmuch as we conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. We would therefore modify the order by granting the motion and dismissing the complaint.
It is undisputed that the driver of the truck in which plaintiff was a passenger was traveling on the subordinate highway, which was controlled by a stop sign, and defendant was traveling on the through highway and had the right-of-way. Furthermore, in our view of the record, defendant was operating her vehicle in accordance with the rules of the road and below the speed limit and was paying proper attention to the roadway and her surroundings when the truck plaintiff was riding in suddenly and unexpectedly entered the lane in which defendant was traveling. Consequently, we conclude that defendant met her initial burden of establishing as a matter of law that she was not negligent (see Godwin v Mancuso, 170 AD3d 1672, 1672-1673 [4th Dept 2019]). We further conclude that plaintiff failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Even viewing the evidence in the light most favorable to plaintiff (see Godwin, 170 AD3d at 1673), we cannot conclude that there is a question of fact whether defendant was negligent by being inattentive to the intersection and not seeing the truck plaintiff was riding in until just before the collision. To the contrary, we conclude that, "[i]nasmuch as defendant was entitled to anticipate that [the truck] would yield the right-of-way, the fact that defendant did not notice [the truck] until it [proceeded] in front of her does not raise a question of fact whether defendant was negligent" (id.).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court