Gomez v Buczynski (2023 NY Slip Op 00771)

Gomez v Buczynski

2023 NY Slip Op 00771

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

929 CA 22-00371

[*1]LAURA GOMEZ, PLAINTIFF-RESPONDENT,
v
RICHARD P. BUCZYNSKI, DEFENDANT-APPELLANT. 

LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered March 10, 2022. The order denied defendant's motion seeking summary judgment dismissing the complaint or, in the alternative, an order directing bifurcation of the trial. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion insofar as it sought summary judgment dismissing the complaint is granted, the complaint is dismissed, and the second ordering paragraph is vacated.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was struck by a vehicle operated by defendant. The accident occurred at an intersection when plaintiff, who was traveling southerly along New York State Route 5 (Route 5), attempted to make a left turn in front of defendant's oncoming vehicle, which was traveling northerly along Route 5. Defendant moved for summary judgment dismissing the complaint or, in the alternative, for an order directing the bifurcation of the trial. Defendant appeals from an order that denied his motion, and we reverse.
We conclude that Supreme Court erred in denying defendant's motion insofar as it sought summary judgment dismissing the complaint. "It is well settled that [a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (Penda v Duvall, 141 AD3d 1156, 1157 [4th Dept 2016] [internal quotation marks omitted]; see Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; Gilkerson v Buck, 167 AD3d 1470, 1471 [4th Dept 2018]).
Here, we conclude that defendant met his initial burden of establishing that he was not negligent because he had the right-of-way while traveling along Route 5, was operating his vehicle in a lawful and prudent manner, and was traveling at a lawful rate of speed, and that there was nothing he could have done to avoid the accident, which occurred when plaintiff suddenly turned left into defendant's lane of travel (see Godwin v Mancuso, 170 AD3d 1672, 1672 [4th Dept 2019]; Heltz, 115 AD3d at 1299; Lescenski v Williams, 90 AD3d 1705, 1705-1706 [4th Dept 2011], lv denied 18 NY3d 811 [2012]; see also Vehicle and Traffic Law § 1141). We further conclude that plaintiff failed to raise an issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's assertion, the deposition testimony did not raise an issue of fact whether defendant was negligently passing another vehicle on the right in violation of Vehicle and Traffic Law § 1123 at the time of the collision. Although there is conflicting deposition testimony concerning the precise lane in which defendant was traveling at the time of the collision, there is no dispute that defendant never changed lanes while driving along Route 5 at the time of the collision. Thus, [*2]plaintiff's assertion that defendant unsafely attempted to go around another vehicle at the time of the accident
" 'is based on speculation and is insufficient to defeat a motion for summary judgment' " (Wallace v Kuhn, 23 AD3d 1042, 1043 [4th Dept 2005]).
Based on the foregoing, defendant's remaining contentions are academic.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court