Brown v City of Buffalo (2025 NY Slip Op 03902)

Brown v City of Buffalo

2025 NY Slip Op 03902

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

373 CA 24-01627

[*1]NIKIR BROWN, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, POLICE OFFICER PATRICK S. GARRY, POLICE OFFICER BRIAN A. NAGY, MARQUEL MCCARLEY, DEFENDANTS-RESPONDENTS, AND ABDIHAKIM H. MUKTAR, DEFENDANT-APPELLANT. 

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (EMILY M. COBB OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PILLINGER MILLER TARALLO, LLP, SYRACUSE (KENNETH A. KRAJEWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT MARQUEL MCCARLEY. 

 Appeal from an order of the Supreme Court, Erie County (John DelMonte, J.), entered October 1, 2024 in a case involving a motor vehicle accident. The order denied the motion of defendant Abdihakim H. Muktar for summary judgment dismissing the complaint and cross-claims against him. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted, and the complaint and cross-claims against defendant Abdihakim H. Muktar are dismissed.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained while a passenger in a vehicle (Honda) that collided with a vehicle operated by defendant Abdihakim H. Muktar (defendant). The accident occurred at the intersection of Walden Avenue and Lathrop Street in Buffalo. Traffic approaching Walden Avenue from Lathrop Street had a stop sign, whereas traffic on Walden Avenue in that vicinity did not. Defendant was traveling west on Walden Avenue and approaching Lathrop Street to his left. The driver of the Honda had been fleeing the police and was traveling on Lathrop Street approaching Walden Avenue. The Honda proceeded past the stop sign without stopping and collided with defendant's vehicle. Defendant moved for summary judgment dismissing the complaint and all cross-claims against him. Supreme Court denied the motion, and defendant appeals.
We agree with defendant that the court erred in denying his motion. "[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (Carpentieri v Kloc, 213 AD3d 1314, 1315 [4th Dept 2023] [internal quotation marks omitted]; see Doxtader v Janczuk, 294 AD2d 859, 859-860 [4th Dept 2002], lv denied 99 NY2d 505 [2003]). Here, defendant met his initial burden of establishing as a matter of law that he "was operating his vehicle in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision" (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014] [internal quotation marks omitted]; see Gomez v Buczynski, 213 AD3d 1312, 1313 [4th Dept 2023]; Godwin v Mancuso, 170 AD3d 1672, 1672-1673 [4th Dept 2019]). In opposition to the motion, plaintiff and the remaining defendants failed to raise a triable issue of fact (see Gomez, 213 AD3d at 1313; Godwin, 170 AD3d at 1673; Malbory v David Chevrolet Buick Pontiac, Inc., 108 AD3d 1109, 1110 [4th Dept 2013]).
We respectfully disagree with our dissenting colleagues that defendant failed to meet his initial burden of establishing that he was free of comparative fault. Although defendant testified at his deposition that he had seen the Honda "like thirty, forty seconds" before the impact, he corrected that testimony when questioned by his counsel and stated that the collision occurred "instantly" after he first saw the car. The dissent also relies on plaintiff's purported testimony concerning the speed of the Honda at the time of the collision. Plaintiff testified that, while they were being pursued by the police, the driver of the Honda was proceeding two or three miles per hour over the speed limit and, "[a]s far as [he] remember[ed]," the driver obeyed traffic signals and stop signs. However, plaintiff testified that he "blacked out" in the accident and did not know how it was caused. He was not even sure that the accident occurred at an intersection. All he could remember was the Honda proceeding straight with the police behind them and that he was "a little shaken up because [he had] never been in a high speed [chase]." That was "all [he could] remember, and [then] it was just boom." Another occupant of the Honda testified that, as the Honda approached the intersection, "[i]t tried to stop, but . . . [they] were going a little too fast" and slid into the intersection. Defendant therefore established that the Honda never stopped at the stop sign before proceeding into the intersection and colliding with defendant's vehicle. Inasmuch as the evidence submitted by defendant established that he had, at most, "only seconds to react" to the Honda that failed to yield the right-of-way, he established as a matter of law that he was not comparatively negligent (Carpentieri, 213 AD3d at 1315 [internal quotation marks omitted]).
All concur except Bannister and Nowak, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm. Although defendant Abdihakim H. Muktar (defendant) was entitled to anticipate that the driver of the Honda would stop at the stop sign and yield the right-of-way to him (see Deering v Deering, 134 AD3d 1497, 1498 [4th Dept 2015]; Dorr v Farnham, 57 AD3d 1404, 1405-1406 [4th Dept 2008]), in moving for summary judgment, defendant had the burden of establishing that he was free of comparative fault (see Deering, 134 AD3d at 1498; Cooley v Urban, 1 AD3d 900, 901 [4th Dept 2003]). "[I]t is well settled that 'drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]; see Murray v Sminkey, 200 AD3d 1705, 1706 [4th Dept 2021]).
In support of his motion for summary judgment, defendant submitted his deposition testimony, where he claimed that the Honda was "less than one foot" from his vehicle when he first saw it. Nonetheless, as the majority notes, defendant also testified that he saw the Honda 30 or 40 seconds before the impact. Defendant's later claim that the collision occurred "instantly" after he first saw the Honda was upon questioning by his own attorney, and in explaining the change in his testimony, defendant added, "I did not see anything
. . . It was just a big bang I heard." The inconsistencies in defendant's own sworn testimony thus raise questions of fact as to whether he "[saw] what should be seen and . . . exercise[d] reasonable care under the circumstances to avoid an accident" (Cupp, 104 AD3d at 1284 [internal quotation marks omitted]).
In addition to his own sworn testimony, defendant submitted plaintiff's testimony in support of the motion, in which plaintiff claimed that the Honda was traveling approximately two or three miles per hour over the speed limit at the time of the collision. Defendant also submitted the testimony of two police officers in support of his motion, but neither witnessed the collision nor could they estimate the speed of the Honda when it reached the stop sign at the intersection, as they were admittedly two blocks behind the Honda at that point and had already ended their pursuit. The majority notes that the driver of the Honda was fleeing from the police prior to the collision, but we would reject any inference, from that fact alone, that the Honda was traveling so fast that defendant had no time to see it and take some action to avoid the collision.
It is undisputed that defendant did not apply his brakes, sound his horn, or take any other evasive action, and the front of his vehicle struck the center body pillar on the passenger's side of the Honda, where the front door meets the back door. Viewing the evidence in the light most favorable to the nonmoving party (see Konarski v VanDyke, 231 AD3d 1508, 1509 [4th Dept 2024]), we conclude that there is a triable issue of fact whether defendant reasonably should have seen and reacted to the Honda as it approached the intersection, proceeded through the eastbound lane of Walden Avenue, and entered the westbound lane, crossing in front of him before the impact. Thus, defendant failed to meet his burden on his motion "inasmuch as his own [*2]submissions raised triable issues of fact whether he was negligent" (Deering, 134 AD3d at 1498).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court