TRACIE D. ESPOSITO, Respondent, v ALEXANDER J. WRIGHT et al., Appellants. [814 NYS2d 430]—

Appeals from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 27, 2005 in a personal injury action. The order denied the motions of defendants for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was driving collided with the vehicles driven by the respective defendants. It is undisputed that the collision occurred when a vehicle driven by a person who is not a party to this action (hereafter, nonparty) caused plaintiff to veer her vehicle to the left but the nonparty's vehicle did not come into contact with plaintiff's vehicle. The vehicle driven by defendant Bernard I. Obletz then struck plaintiff's vehicle, which in turn caused plaintiff's vehicle to strike the concrete center median. Upon ricocheting off the median, plaintiff's vehicle collided with the vehicle driven by defendant Alexander J. Wright.

Supreme Court properly denied the motion of Wright seeking summary judgment dismissing the complaint and all cross claims against him. In support of his motion, Wright submitted

his deposition testimony wherein he admitted that, prior to the accident, he was traveling behind plaintiff's vehicle and was within two car lengths of it. He observed the vehicle of the nonparty traveling erratically in a construction area, and he observed that the nonparty's vehicle made a sharp left, cutting off plaintiff's vehicle. Wright further testified that he observed plaintiff's vehicle veer to the left to avoid a collision with the nonparty's vehicle, strike the concrete center median, and return to the highway before colliding with his vehicle.

"When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination . . . and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact" (*Boston v Dunham*, 274 AD2d 708, 709 [2000]; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957], *rearg denied* 3 NY2d 941 [1957]). Here, Wright asserted in support of his motion that he was faced with an emergency situation and did all he could to avoid the collision with plaintiff's vehicle. The emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]). "Even where an emergency is found to exist, [however,] that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable" (*Davis v Pimm*, 228 AD2d 885, 887 [1996], *lv denied* 88 NY2d 815 [1996]). We conclude that Wright failed to meet his initial burden on his motion and thus failed to establish his entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is undisputed that he observed the activity between plaintiff's vehicle and the nonparty's vehicle, yet his only evasive action was to decelerate. He otherwise took no evasive measures, other than to "swerve a little bit to avoid the accident." "[W]hether a party acted prudently [when faced with an emergency] is a question for the trier of fact to decide" (*Davis*, 228 AD2d at 887).

Even assuming, arguendo, that Wright met his initial burden on his motion, we conclude that plaintiff raised an issue of fact

to defeat it. In opposition to the motion, plaintiff submitted the affidavit of an accident reconstructionist who opined that Wright, who was traveling at a speed of 50 miles per hour two car lengths behind plaintiff's vehicle, "was following too closely behind the plaintiff's [vehicle]." We conclude that plaintiff thereby raised issues of fact whether Wright's actions were a proximate cause of the accident and whether the collision of Wright's vehicle with plaintiff's vehicle could have been avoided. It is well established that there may be more than one proximate cause of an accident (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999]; *Cooley v Urban*, 1 AD3d 900 [2003]; *Doctor v Juliana*, 277 AD2d 1013 [2000]), and thus we reject the further contention of Wright that his motion should have been granted because there was no evidence that any negligence on his part was "the" proximate cause of the accident.

The court also properly denied the motion of Obletz for summary judgment dismissing the complaint and all cross claims against him. Even assuming, arguendo, that Obletz met his initial burden on his motion, we conclude that plaintiff raised an issue of fact to defeat the motion (*see Zuckerman*, 49 NY2d at 562). In opposition thereto, plaintiff submitted the deposition testimony of Obletz in which he testified that, at the time of the accident, he was traveling at a rate of speed in excess of the speed limit. Obletz also testified that, although he was traveling behind plaintiff's vehicle, he was unaware of plaintiff's vehicle and unaware of the nonparty's vehicle that was being driven erratically and that cut off plaintiff's vehicle. "[W]hether a party acted prudently [under the circumstances] is a question for the trier of fact to decide" (*Davis*, 228 AD2d at 887). Present— Gorski, J.P., Martoche, Smith, Green and Pine, JJ.