# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1086

CA 13-00579

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

MICHELLE PULVER, PLAINTIFF-RESPONDENT-APPELLANT,

V                              MEMORANDUM AND ORDER

CITY OF FULTON DEPARTMENT OF PUBLIC WORKS AND
CITY OF FULTON, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

GOLDBERG SEGALLA LLP, SYRACUSE (LISA M. ROBINSON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered October 31, 2012 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint and the cross motion of plaintiff for partial summary judgment on liability.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she tripped and fell in a hole in the grassy area between the curb and the paved portion of the sidewalk. The hole was covered with a piece of plywood and was located adjacent to a catch basin that was part of the storm water drainage system owned and maintained by defendant City of Fulton (City). Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability. Supreme Court denied the motion and cross motion, determining that plaintiff failed to provide the City with the requisite prior written notice of the danger presented by the hole, but that there are issues of fact whether the City engaged in affirmative acts of negligence. This appeal and cross appeal ensued.

We conclude that the court erred in denying defendants' motion, and we therefore modify the order accordingly. Contrary to plaintiff's contention, the court properly determined that the City's prior written notice requirement applies inasmuch as the area where the accident occurred is part of the sidewalk (*see Castiglione v Village of Ellenville*, 291 AD2d 769, 770, *lv denied* 98 NY2d 604; *Hall v City of Syracuse*, 275 AD2d 1022, 1023; *see also Gallo v Town of*

*Hempstead*, 124 AD2d 700, 700).  Because the City established in support of its motion that it did not receive prior written notice, the burden shifted to plaintiff to demonstrate the applicability of an exception to that requirement (*see Yarborough v City of New York*, 10 NY3d 726, 728).  We agree with defendants that the court erred in determining that plaintiff met that burden by establishing that such an exception applies, i.e., that the City was affirmatively negligent (*see id.*).  Although plaintiff submitted a preaccident "work order" to the City for the location in question, she failed to adduce any evidence that the City placed the plywood over the hole in which she fell.  Further, the City established that, in response to the "work order," it dispatched an employee who testified that he inspected the area in question, found nothing wrong with it, and performed no work.  Thus, plaintiff failed to raise an issue of fact "whether the City created a defective condition within the meaning of the exception" to defeat defendants' motion (*id.*).

We disagree with our dissenting colleague's interpretation of deposition testimony from a City Councilman with respect to which City department may have placed the plywood over the hole.  In our view, a reading of the City Councilman's entire testimony on that subject and in context establishes that the City Councilman had no personal knowledge of any repair and was simply speculating about which City department, theoretically, would be responsible for such a repair.  Indeed, the City Councilman characterized his testimony on the latter point as a "guess."  Although the City Councilman submitted an errata sheet making certain corrections in his testimony with respect to the proper street address where the hole was located, we note that any factual discrepancy between his testimony and the corrections is irrelevant to our conclusion that he lacked personal knowledge of the repair and could offer only speculative testimony with respect to who placed the plywood over the hole.

Unlike our dissenting colleague, we cannot conclude that the deposition testimony of plaintiff's son aided plaintiff in raising an issue of fact whether the City placed plywood over the hole.  Plaintiff's son admitted that he could not be sure whether the workers he saw at the intersection were employees of the City or Niagara Mohawk.  Notably, he testified that he observed a worker engaged in repairing an overhead power line using a truck with a boom or lift to work at an elevated height.  In any event, he further admitted that he could not "tell the difference" between the two types of workers.  Given such testimony, a factual finding with respect to whom plaintiff's son observed at the intersection would necessarily be based on speculation (*see generally Bernstein v City of New York*, 69 NY2d 1020, 1021; *Fernandez v Allstate Ins. Co.*, 305 AD2d 1065, 1066).

In contrast to the above speculative testimony, the City produced a witness with personal knowledge, i.e., the City employee who responded to the "work order" prior to the accident and whose onsite inspection revealed that there was no defect or hole in front of plaintiff's property—the address on the face of the "work order." Both plaintiff and our dissenting colleague ignore that dispositive

testimony.

The dissent's theory, based on a lengthy chain of inferences concerning the City's alleged use of the plywood as a temporary measure until the weather improved in the spring, is unpersuasive. The City's wastewater and sanitary sewer collections systems supervisor testified that covering a hole with a piece of plywood is an "improper" practice, which he had never utilized or seen utilized. The City Commissioner of Public Works testified that the City's "standard practice" in making temporary repairs of catch basin defects was to use a steel plate and that it was not his Department's policy to use plywood.

Lastly, we consider our dissenting colleague's reliance on the deposition testimony of plaintiff's neighbors to be misplaced. In our view, neither neighbor's testimony raised an issue of fact whether the City placed the plywood over the hole. Contrary to the dissent's statement that someone observed a cone from the City Department of Public Works in the hole, we note that one neighbor simply stated that "a cone" was in the hole, and the other stated that it was the type of cone that "everyone uses." Neither neighbor testified that the cone belonged to the City or that a City employee placed the cone. In any event, plaintiff does not claim that placing a cone was an affirmative act of negligence.

All concur except WHALEN, J., who dissents in part and votes to affirm in the following Memorandum: I respectfully dissent in part because I cannot agree with the majority's conclusion that Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint. Rather, I would affirm the order.

I agree with the majority that defendants met their initial burden of establishing that defendant City of Fulton (City) did not receive prior written notice of the danger presented by the hole, and that the burden therefore shifted to plaintiff to raise an issue of fact "whether the City created a defective condition within the meaning of the [affirmative act] exception" (*Yarborough v City of New York*, 10 NY3d 726, 728). I disagree with the majority's conclusion, however, that plaintiff failed to raise an issue of fact whether the City directed that the plywood be placed over the hole, thereby creating a defective condition. " 'When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination . . . and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact' " (*Esposito v Wright*, 28 AD3d 1142, 1143; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404, *rearg denied* 3 NY2d 941).

Here, the City Councilman who placed the work order for the location in question testified at his deposition that he later observed the hole at that location covered with plywood. When asked if he knew who had placed the plywood over the hole, the City

Councilman stated that it would have been an employee of one of two City departments.  In addition, the City Councilman's testimony that repairing the hole was delayed until the following spring because the surrounding intersection "was going to be redone," combined with the testimony of the City's commissioner of public works that he had never seen a hole like the one at issue repaired with a piece of plywood, permits the inference that the City placed the plywood over the hole as a temporary measure until the weather improved in the spring, and a permanent repair could be undertaken.  Although the City Councilman subsequently called into question in an errata sheet appended to his deposition whether his testimony concerned the hole in which plaintiff was injured, or another hole across the street therefrom, I conclude that "[t]he conflict between [his] original deposition testimony . . . and the corrections he submitted in the errata sheet[] raise[] an issue of credibility which [can]not be resolved on the [instant] motion for summary judgment" (*Nye v Putnam Nursing & Rehabilitation Ctr.*, 62 AD3d 767, 768), particularly in light of the fact that the City Councilman's work order was never amended to reflect an address other than that for the location where plaintiff was injured.

Additionally, plaintiff's son testified at his deposition that "city workers" placed the plywood over the hole, although he conceded that it could have been employees of Niagara Mohawk, and according to the deposition testimony of plaintiff's neighbors, they saw a cone from the City's Department of Public Works "upside down inside" the hole and, later, a piece of plywood over the hole.  Giving plaintiff the benefit of every reasonable favorable inference (*see Esposito*, 28 AD3d at 1143), I conclude that the above evidence raises an issue of fact whether the City directed that the plywood be placed over the hole (*see Yarborough*, 10 NY3d at 728; *Esposito*, 28 AD3d at 1143), thereby creating a defective condition by an act of affirmative negligence (*see Yarborough*, 10 NY3d at 728).  I therefore would affirm the order.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court