Galletta v Delsorbo (2020 NY Slip Op 06619)





Galletta v Delsorbo


2020 NY Slip Op 06619


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


730 CA 19-01807

[*1]JOSEPH A. GALLETTA, PLAINTIFF-RESPONDENT,
v
UGO DELSORBO, DEFENDANT-APPELLANT. 






HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVID W. POLAK ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered September 16, 2019. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This appeal arises out of a collision that occurred at the intersection of Harlem Road and Yorktown Road in the Town of Amherst. Plaintiff, who was operating a motorcycle, was traveling southbound on Harlem Road and was stopped behind three or four cars at the subject intersection. To turn right onto Yorktown Road, plaintiff maneuvered his motorcycle onto the paved right shoulder of Harlem Road, rode past the cars in front of him and began to turn. At the same time, defendant, who was driving a pickup truck, was at the intersection in the northbound lane of Harlem Road and was waiting to turn left onto Yorktown Road. When another motorist signaled to defendant to make his turn, he did so. Neither defendant nor plaintiff saw each other, and a collision occurred in which the front of defendant's pickup truck struck the left side of plaintiff's motorcycle as well as plaintiff's left leg. As a result of the collision, plaintiff allegedly sustained serious injuries to his left leg, back and neck. Plaintiff commenced an action against defendant, alleging that his injuries were caused by defendant's negligence. Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant now appeals.
Contrary to defendant's contention, the court properly denied his motion. "Defendant, as the movant for summary judgment, had the burden of establishing as a matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]). To meet that burden, "defendant was required to establish that he fulfilled his common-law duty to see that which he should have seen [as a driver] through the proper use of his senses . . . and to exercise reasonable care under the circumstances to avoid an accident" (id. [internal quotation marks omitted]; see Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]). Viewing, as we must, the evidence in the light most favorable to plaintiff and affording him the benefit of every reasonable inference (see Bank of N.Y. Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendant failed to meet his initial burden with respect to either his negligence or proximate cause. Triable issues of fact remain in light of defendant's "deposition testimony that he never saw plaintiff's [motorcycle] before the impact[ and defendant's failure] to submit any other evidence establishing that there was nothing he could have done to avoid the accident" (Pagels, 167 AD3d at 188-189; see Coffed v McCarthy, 130 AD3d 1436, 1438-1439 [4th Dept 2015, Centra and Whalen, JJ., dissenting], revd 29 NY3d 978 [2017]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court