Walker v Town of Webster (2021 NY Slip Op 04839)





Walker v Town of Webster


2021 NY Slip Op 04839


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


528 CA 20-01541

[*1]CHRISTOPHER W. WALKER, PLAINTIFF-APPELLANT,
v
TOWN OF WEBSTER, ET AL., DEFENDANTS, AND DAVID J. OSBORN, DEFENDANT-RESPONDENT. 






MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered November 12, 2020. The order granted the motion of defendant David J. Osborn for summary judgment and dismissed the complaint and all cross claims against said defendant. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint and all cross claims are reinstated against defendant David J. Osborn.
Memorandum: In this personal injury action arising from a motor vehicle collision, plaintiff appeals from an order granting the motion of defendant David J. Osborn for summary judgment dismissing the complaint and all cross claims against him. This action arises from an incident in which a vehicle operated by plaintiff was struck by a vehicle operated by defendant Robert J. Buck, while Buck was being pursued by police officers. Insofar as relevant to this appeal, plaintiff commenced this action against Osborn under a theory that he is vicariously liable for plaintiff's injuries pursuant to Vehicle and Traffic Law § 388, and Osborn moved for summary judgment on the ground that he was not an owner of the vehicle within the meaning of the statute because he had purportedly transferred ownership of the vehicle to Buck several months before the collision. We agree with plaintiff that Osborn failed to meet his initial burden on the motion, and therefore we reverse.
Vehicle and Traffic Law § 388 (1) provides in relevant part that every "owner of a vehicle used or operated in this state shall be liable and responsible for . . . injuries to person or property resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner" (see Murdza v Zimmerman, 99 NY2d 375, 379 [2003]). The statute further provides that an " 'owner' shall be as defined in section one hundred twenty-eight" of the Vehicle and Traffic Law (§ 388 [3]; see Oscier v Musty, 138 AD3d 1402, 1404 [4th Dept 2016]), which in turn states that an owner is a "person, other than a lien holder, having the property in or title to a vehicle or vessel" (§ 128; see Monette v Trummer, 105 AD3d 1328, 1329 [4th Dept 2013], affd 22 NY3d 944 [2013]). Generally, "ownership is in the registered owner of the vehicle or one holding the documents of title[,] but a party may rebut the inference that arises from [those] circumstances" (Fulater v Palmer's Granite Garage, 90 AD2d 685, 685 [4th Dept 1982], appeal dismissed 58 NY2d 826 [1983]; see
§ 2108 [c]; see also Zegarowicz v Ripatti, 77 AD3d 650, 653 [2d Dept 2010]).
Here, in support of his motion, Osborn submitted evidence establishing that the vehicle at issue was registered to Buck, but also submitted a New York State Department of Motor Vehicles record establishing that the vehicle was titled to Osborn. Consequently, because "there is conflicting evidence of ownership, the issue must be resolved by a trier of fact" (Martin v Lancer Ins. Co., 133 AD3d 1219, 1220 [4th Dept 2015]; see Sosnowski v Kolovas, 127 AD2d [*2]756, 758 [2d Dept 1987]; Fulater, 90 AD2d at 685). Thus, Osborn failed to "make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]) and, because he did not meet his initial burden on the motion, "the burden never shifted to [plaintiff], and denial of the motion was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad, 64 NY2d at 853).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court