Murray v Sminkey (2021 NY Slip Op 07414)





Murray v Sminkey


2021 NY Slip Op 07414


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1010 CA 21-00281

[*1]CHRISTINA M. MURRAY, PLAINTIFF-RESPONDENT,
v
INGE K. SMINKEY, DEFENDANT-RESPONDENT AND LISA M. STIO, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT.
BUTTAFUOCO & ASSOCIATES, PLLC, WOODBURY (ELLEN BUCHHOLZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
LAW OFFICE OF DESTIN SANTACROSE, BUFFALO (DOMINIC J. POMPO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 1, 2020. The order, among other things, denied the motion of defendant Lisa M. Stio for summary judgment and granted the cross motion of plaintiff for partial summary judgment against said defendant on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the cross motion seeking partial summary judgment on the issue of liability against defendant Lisa M. Stio and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle in which she was a passenger, which was operated by defendant Lisa M. Stio, attempted to make a left turn after having stopped at a stop sign and collided in an intersection with a vehicle operated by defendant Inge K. Sminkey, which had attempted to proceed straight through the intersection. Stio appeals from an order that, inter alia, denied her motion for summary judgment dismissing the complaint against her and granted that part of the cross motion of plaintiff for partial summary judgment against Stio on the issue of liability.
Stio contends that Supreme Court erred in denying her motion because she established, as a matter of law, that she was not negligent and that, instead, Sminkey's negligence was the sole proximate cause of the collision. We reject that contention. Stio, on her motion, "had the initial burden of establishing as a matter of law either that she was not negligent or that any negligence on her part was not a proximate cause of the accident" (Gilkerson v Buck, 174 AD3d 1282, 1283 [4th Dept 2019]; see Galletta v Delsorbo, 188 AD3d 1641, 1642 [4th Dept 2020]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). As relevant to Stio's potential liability here, "it is well settled that 'drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident' " (Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]; see Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015]). Additionally, subject to an exception not applicable here, drivers approaching a stop sign have a statutory duty to stop as required by law and, thereafter, to "yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection" (Vehicle and Traffic Law § 1142 [a]; see
§ 1172 [a]).
Here, viewing the evidence in the light most favorable to plaintiff and Sminkey and affording them the benefit of every reasonable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that Stio failed to meet her initial burden on her motion of establishing as a matter of law that Sminkey's negligence was the sole proximate cause of the accident (see Luttrell v Vega, 162 AD3d 1637, 1637 [4th Dept 2018]). Stio's own submissions contained conflicting accounts of the position of Sminkey's vehicle at the time of the collision. In particular, Stio testified at her deposition that Sminkey approached the intersection while traveling entirely within a right-turn-only lane—which was marked with a white painted arrow, the word "only," and an accompanying "right lane must turn right" sign—with her right turn signal activated. Conversely, Sminkey testified at her deposition that she proceeded forward from her position near the white painted arrow in the right-turn-only lane and had already fully merged into the non-turning, through lane by the time the collision occurred. We note that, contrary to the court's determination, Sminkey did not concede in her papers that she was in the wrong lane of traffic to proceed straight through the intersection. Given "the differing versions of which lane [Sminkey] was in at the time of the accident" (Fayson v Rent-A-Center E., Inc., 166 AD3d 1569, 1570 [4th Dept 2018]), we conclude that Stio's own submissions raise triable issues of fact, including whether she violated her common-law duty "to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Deering, 134 AD3d at 1499 [internal quotation marks omitted]; see Galletta, 188 AD3d at 1642; Luttrell, 162 AD3d at 1637-1638) and her statutory duty to yield the right of way to Sminkey's vehicle if it was approaching so closely as to constitute an immediate hazard (see Vehicle and Traffic Law § 1142 [a]).
We nonetheless agree with Stio that the court erred in granting that part of plaintiff's cross motion for partial summary judgment against Stio on the issue of liability. We therefore modify the order accordingly. Plaintiff relied on the same evidentiary submissions in support of her cross motion and, as previously discussed, the conflicting accounts in those submissions raise triable issues of fact whether Stio was negligent and, if so, whether such negligence was a proximate cause of the collision.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court