Konarski v Thomas F. VanDyke & Bwe, LLC (2024 NY Slip Op 04877)

Konarski v Thomas F. VanDyke & Bwe, LLC

2024 NY Slip Op 04877

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

646 CA 23-01353

[*1]KEVIN KONARSKI AND JENNIFER KONARSKI, PLAINTIFFS-APPELLANTS,
v
THOMAS F. VANDYKE AND BWE, LLC, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL P. SULLIVAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered July 21, 2023. The order denied the motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Kevin Konarski (plaintiff) when his motor vehicle was struck by a tanker truck operated by Thomas F. VanDyke (defendant) and owned by defendant BWE, LLC. The collision occurred in the early morning during an attempted lane change by defendant on a section of Interstate 90 (I-90) eastbound consisting of four lanes located between the on-ramp from an expressway and a junction allowing motorists to continue on I-90 eastbound or exit to another interstate highway. Following discovery, plaintiffs moved for partial summary judgment, contending that defendant was negligent and that his negligence was the sole proximate cause of the collision. Plaintiffs appeal from an order denying that motion, and we now affirm.
Viewing the evidence in the light most favorable to defendants and affording them the benefit of every reasonable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that plaintiffs failed to meet their initial burden on the motion (see Spence v Kitchens, 210 AD3d 1416, 1418-1419 [4th Dept 2022]; Murray v Sminkey, 200 AD3d 1705, 1706-1707 [4th Dept 2021]; Fayson v Rent-A-Center E., Inc., 166 AD3d 1569, 1569-1570 [4th Dept 2018]). Plaintiffs submitted plaintiff's deposition testimony and a police accident report supporting the conclusion that plaintiff's vehicle merged onto I-90 eastbound from the on-ramp and continued traveling in the rightmost lane at the speed limit of 55 miles per hour in a nonnegligent manner, at which point defendant's truck was initially behind plaintiff's vehicle, in the next lane over, moving at a slightly faster pace (i.e., in excess of the speed limit), before it arrived at a position such that, when defendant attempted to change lanes, the front of defendant's truck struck the front bumper and driver's door of plaintiff's vehicle (see Brown v Askew, 202 AD3d 1501, 1502-1503 [4th Dept 2022]). Plaintiffs' own submissions, however, also contained a differing version of the accident that raises a triable issue of fact regarding defendant's negligence (see Spence, 210 AD3d at 1419; Brown, 202 AD3d at 1503; Murray, 200 AD3d at 1706-1707; Fayson, 166 AD3d at 1570). Defendant insisted during his deposition testimony that he too was traveling at the speed limit of 55 miles per hour (i.e., not in excess thereof as testified to by plaintiff). If both vehicles were moving at that speed, defendant's truck would not have been able—as plaintiff suggested—to begin some distance behind plaintiff's vehicle and yet end up in a position beside plaintiff's vehicle such that the front of defendant's [*2]truck could strike the front of plaintiff's vehicle when defendant attempted to change lanes. Notably, plaintiff did not specifically recall defendant's truck pulling alongside him prior to the accident, explaining that he "did not see" the truck in that position, and it may be reasonably inferred from defendant's deposition testimony that, although defendant did not see it occur, plaintiff's vehicle had "come up beside" his truck on the right. Relatedly, each driver's respective failure to see the other vehicle just prior to the collision may have resulted, at least in part, from the weather and lighting conditions at the time of the accident, which defendant described as "very overcast and dark," so much so that he could not even tell that the sun had risen. When viewed in the light most favorable to defendants (see Esposito, 28 AD3d at 1143), the evidence raises the possibility that plaintiff merged onto I-90 eastbound and then traveled in the rightmost lane in relatively dark conditions at a speed in excess of the speed limit, thereby arriving at a position beside defendant's truck just as defendant attempted to change lanes to the right (see generally Brown, 202 AD3d at 1503).
Based on the foregoing, we conclude that plaintiff's own submissions raise triable issues of fact whether defendant was negligent in approaching plaintiff's vehicle on the left in excess of the speed limit and making an unsafe lane change to the right, thereby striking plaintiff's vehicle (see Vehicle and Traffic Law § 1128 [a]; Gabriel v Great Lakes Concrete Prods. LLC, 151 AD3d 1855, 1855-1856 [4th Dept 2017]), and also whether plaintiff was negligent in unsafely beginning to pass defendant on the right (see § 1123 [b]) at a speed in excess of the limit and imprudent for the conditions in the area between the merger from the on-ramp and the subsequent junction containing the exit (see § 1180 [a], [b]; Brown, 202 AD3d at 1503). Supreme Court thus properly determined that there were conflicting accounts regarding the speed and positioning of the vehicles (see Murray, 200 AD3d at 1706-1707) and, contrary to plaintiffs' contention, their submissions "failed to eliminate all triable issues of fact with respect to whether defendant was negligent on th[e] basis" that he failed to see what was there to be seen (Sztorc v Heaney, 214 AD3d 1472, 1474 [4th Dept 2023]). Consequently, "although plaintiff[s] proffered compelling evidence that defendant acted negligently in the manner he operated his [truck], [the conflicting accounts in] plaintiff[s'] own submissions raised triable issues of fact whether defendant was negligent[ and, if so, whether such negligence was a proximate cause of the collision], and the burden never shifted to defendants" (Spence, 210 AD3d at 1419; see Sztorc, 214 AD3d at 1474; Murray, 200 AD3d at 1707). We have considered plaintiffs' remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court