Scutella v Dill (2025 NY Slip Op 04350)

Scutella v Dill

2025 NY Slip Op 04350

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

479 CA 24-00010

[*1]PAULA A. SCUTELLA, PLAINTIFF-APPELLANT,
v
DANIEL G. DILL, DEFENDANT-RESPONDENT. 

ANDREWS, BERNSTEIN & MARANTO, PLLC, BUFFALO (ROBERT J. MARANTO, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered December 19, 2023 in a personal injury action arising from a motor vehicle accident. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for the injuries she allegedly sustained when her motor vehicle struck a box truck operated by defendant. At the time of the collision, defendant was backing his box truck into a driveway and blocking plaintiff's lane of traffic. Defendant moved for summary judgment dismissing the complaint, contending that plaintiff's negligence was the sole proximate cause of the collision. Plaintiff cross-moved for, inter alia, partial summary judgment on the issue of negligence. Supreme Court granted the motion and denied the cross-motion, and plaintiff now appeals. We modify by denying the motion and reinstating the complaint.
Defendant had the initial "burden of establishing as a matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]; see also Burnett v Allen [appeal No. 3], 218 AD3d 1190, 1191 [4th Dept 2023]; Galletta v Delsorbo, 188 AD3d 1641, 1642 [4th Dept 2020]). Here, we note that "defendant was required to establish that he fulfilled his common-law duty to see that which he should have seen [as a driver] through the proper use of his senses . . . and to exercise reasonable care under the circumstances to avoid an accident . . . , including that he met the obligation to keep a reasonably vigilant lookout . . . . Defendant also had the burden of establishing as a matter of law that there was nothing he could do to avoid the accident" (Pagels, 167 AD3d at 187 [internal quotation marks omitted]). We further note, in light of that burden, that "summary judgment is seldom appropriate in negligence actions . . . . Indeed, even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law" (id. at 188 [internal quotation marks omitted]). Moreover, it is well settled that there may be more than one proximate cause of an accident or injury (see Mazella v Beals, 27 NY3d 694, 706 [2016]; Spring v Allegany-Limestone Cent. Sch. Dist., 221 AD3d 1474, 1479 [4th Dept 2023]) and, thus, "[t]he fact that [a plaintiff] may have also been negligent does not absolve [the defendant] of liability" (Dunkle v Vakoulich, 173 AD3d 1662, 1663 [4th Dept 2019]; see Zbock v Gietz, 145 AD3d 1521, 1522-1523 [4th Dept 2016]).
Viewing the evidence in the light most favorable to plaintiff and giving her the benefit of every reasonable inference, as we must in the context of defendant's motion (see Esposito v [*2]Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendant failed to meet his initial burden on the motion because his own submissions raise triable issues of fact. In particular, defendant admitted in his deposition testimony that he saw plaintiff's vehicle approaching before he began to cross plaintiff's lane of travel and back his box truck into the driveway but, nonetheless, chose to block that lane because he "thought [he] had enough time to get in the driveway" and avoid an accident. Under those circumstances, triable issues of fact exist whether defendant was negligent and, if so, whether such negligence was a proximate cause of the accident (see Bermejo v Khaydarov, 155 AD3d 597, 598 [2d Dept 2017]; see generally Vehicle and Traffic Law § 1211 [a]). We further note that defendant's assertion that plaintiff was "speeding" prior to the accident is speculative (see Stewart v Kier, 100 AD3d 1389, 1390 [4th Dept 2012]). Inasmuch as defendant "did not meet his initial burden on the motion, the burden never shifted to [plaintiff], and denial of the motion was required regardless of the sufficiency of the opposing papers" (Walker v Town of Webster, 197 AD3d 942, 943 [4th Dept 2021] [internal quotation marks omitted]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Defendant's assertion on appeal that his motion was properly granted on the ground that "plaintiff was the sole proximate cause of the accident" is inapt and need not be addressed on the merits "because . . . [it is] merely the converse of defendant's burden on the motion of establishing that [defendant] was not negligent or that [defendant's] negligence was not a proximate cause of the accident" (Pagels, 167 AD3d at 189; see generally Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]). By focusing on "sole proximate cause" in this common-law negligence action, defendant overlooks the fact that, as stated above, his burden on his motion was to establish "as a matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident" (Pagels, 167 AD3d at 187). In other words, if a defendant moves for summary judgment in the negligence context and addresses only the issue of proximate cause, the defendant must effectively assume, arguendo, that it was negligent (see id. at 188-189; see generally Mylar v Niagara Falls Mem. Med. Ctr., 234 AD3d 1262, 1265 [4th Dept 2025]). Inasmuch as defendant here did not address proximate cause in the context of assuming his negligence for the sake of argument, we need not address his proximate cause assertion.
Contrary to plaintiff's further contention, however, the court properly denied her cross-motion for partial summary judgment on the issue of negligence inasmuch as the evidence, including the conflicting expert affidavits, presents a triable issue of fact whether defendant, after stopping in the southbound lane and observing approaching traffic, exercised reasonable care under the circumstances to avoid an accident (see Robinson v Day, 265 AD2d 916, 917 [4th Dept 1999]), raising "a classic battle of the experts" that may not be resolved on summary judgment (Zynda v Waid, 221 AD3d 1578, 1580 [4th Dept 2023]; see DeAngelis v Martens Farms, LLC, 104 AD3d 1125, 1126 [4th Dept 2013]).
Plaintiff's remaining contentions are academic in light of our determination.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court