Gates v Simpson (2025 NY Slip Op 04313)

Gates v Simpson

2025 NY Slip Op 04313

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

337 CA 24-00400

[*1]LINDA L. GATES, AS ADMINISTRATOR OF THE ESTATE OF MICHAEL H. GATES, DECEASED, PLAINTIFF-APPELLANT,
v
DONALD J. SIMPSON, CHANDLER D. SIMPSON, TOWN OF HENRIETTA AND JOSEPH E. LAROCCA, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

CELLINO LAW, LLP, ROCHESTER (ROBERT L. VOLTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TOWN OF HENRIETTA AND JOSEPH E. LAROCCA.

 Appeal from an amended order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered January 23, 2024 in a personal injury action arising from a motor vehicle accident. The amended order granted the motion of defendants Town of Henrietta and Joseph E. LaRocca for summary judgment dismissing the complaint and cross-claims against said defendants. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, the motion of defendants Town of Henrietta and Joseph E. LaRocca is denied, and the complaint and cross-claims are reinstated against those defendants.
Memorandum: Plaintiff, Linda L. Gates, as administrator of the estate of Michael H. Gates, deceased (decedent), commenced this negligence action seeking damages arising from a motor vehicle accident in which decedent's car was struck near an intersection by a dump truck owned by defendant Town of Henrietta and operated by defendant Joseph E. LaRocca (collectively, Town defendants). The dump truck veered into decedent's lane of travel after colliding with a vehicle operated by defendant Chandler D. Simpson, which had just entered the intersection from LaRocca's right. The Town defendants moved for summary judgment dismissing the complaint and all cross-claims against them, contending that Simpson's failure to yield the right-of-way at the intersection was the sole proximate cause of the accident and that LaRocca's actions did not contribute to the accident. Supreme Court granted the motion, and plaintiff appeals. We reverse.
The Town defendants, "as the movant[s] for summary judgment, had the burden of establishing as a matter of law that [they were] not negligent or that, even if [they were] negligent, [their] negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]; see Burnett v Allen [appeal No. 3], 218 AD3d 1190, 1191 [4th Dept 2023]; Galletta v Delsorbo, 188 AD3d 1641, 1642 [4th Dept 2020]). This required the Town defendants to establish that LaRocca exercised reasonable care under the circumstances to avoid an accident, including by keeping a reasonably vigilant lookout, and that there was nothing he could have done to avoid the accident (see Pagels, 167 AD3d at 187). In light of that burden, "summary judgment is seldom appropriate in negligence actions . . . . Indeed, even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law" (id. at 188 [internal quotation marks omitted]). Here, viewing the evidence in the light most favorable to [*2]plaintiff and giving plaintiff the benefit of every reasonable inference, as we must (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that the Town defendants failed to meet their initial burden on the motion because their own submissions raise triable issues of fact whether LaRocca was negligent in operating the vehicle at a speed greater than was reasonable and prudent under the conditions and whether he could have used reasonable care to avoid a collision and, if so, whether his conduct was a proximate cause of the collision (see Uhteg v Kendra, 200 AD3d 1695, 1697-1698 [4th Dept 2021]; Pagels, 167 AD3d at 188-189; O'Brien v Couch, 124 AD3d 975, 977 [3d Dept 2015]). The Town defendants' submissions established that LaRocca, who was driving a dump truck containing 10 tons of asphalt, did not adhere to an advisory traffic sign recommending that speed be reduced to 35 miles per hour prior to entering the intersection and further established that the tree line limited his view of cross traffic at the intersection. If a trier of fact were to determine that LaRocca's speed was unreasonable under the existing conditions, the trier of fact could also conclude that LaRocca's own unreasonable speed was what deprived him of sufficient time to avoid the collision (see White v Connors, 177 AD3d 1250, 1252-1253 [4th Dept 2019]; see generally Mohammed v City of New York, 206 AD3d 988, 989 [2d Dept 2022]; Cooley v Urban, 1 AD3d 900, 901 [4th Dept 2003]). Inasmuch as the Town defendants failed to meet their initial burden on the motion, the court should have denied the motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The Town defendants' assertion on appeal that their motion was properly granted on the ground that Simpson was the "sole proximate cause of the accident" is inapt and need not be addressed on the merits "because . . . [it is] merely the converse of [the Town defendants'] burden on the motion of establishing that [they were] not negligent or that [their] negligence was not a proximate cause of the accident" (Pagels, 167 AD3d at 189; see generally Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]). By focusing on "sole proximate cause" in this common-law negligence action, the Town defendants overlook the fact that their burden on their motion was to establish "as a matter of law that [they were] not negligent or that, even if [they were] negligent, [their] negligence was not a proximate cause of the accident" (Pagels, 167 AD3d at 187 [emphasis added]; see Burnett, 218 AD3d at 1191; Galletta, 188 AD3d at 1642). In other words, when moving for summary judgment in the negligence context and addressing only the issue of proximate cause, the Town defendants must effectively assume, arguendo, that they were negligent (see Pagels, 167 AD3d at 188; see generally Mylar v Niagara Falls Mem. Med. Ctr., 234 AD3d 1262, 1265 [4th Dept 2025]). Inasmuch as the Town defendants did not do that here, we need not address their proximate cause argument.
In light of the issues of fact raised by the Town defendants' submissions, we also agree with plaintiff that the Town defendants did not meet their burden of demonstrating entitlement to summary judgment based on the emergency doctrine (see White, 177 AD3d at 1251-1253). We further agree with plaintiff that the Town defendants are not entitled to the benefit of the immunity under Vehicle and Traffic Law § 1103 (b) because that provision protects only "vehicles engaged in highway construction, maintenance or repair," and LaRocca was not so engaged at the time of the accident (Riley v County of Broome, 95 NY2d 455, 464 [2000]; see also Zanghi v Doerfler, 158 AD3d 1275, 1275 [4th Dept 2018]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court