Scott Miller Beauty Salon, Inc. v Hamilton Stern Constr., LLC (2025 NY Slip Op 07147)

Scott Miller Beauty Salon, Inc. v Hamilton Stern Constr., LLC

2025 NY Slip Op 07147

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

832 CA 24-01825

[*1]SCOTT MILLER BEAUTY SALON, INC., PLAINTIFF-RESPONDENT,
vHAMILTON STERN CONSTRUCTION, LLC, ET AL., DEFENDANTS.
——————————————————————————— HAMILTON STERN CONSTRUCTION, LLC, THIRD-PARTY PLAINTIFF-RESPONDENT, V ES SYSTEMS, INC., THIRD-PARTY DEFENDANT-APPELLANT, ET AL., THIRD-PARTY DEFENDANT. 

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
VAHEY LAW OFFICES, PLLC, ROCHESTER (LAURIE A. VAHEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
PILLINGER MILLER TARALLO, LLP, SYRACUSE (MARIA T. MASTRIANO OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered October 31, 2024. The order, insofar as appealed from, denied the motion of third-party defendant ES Systems, Inc. for summary judgment dismissing the third-party complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff contracted with defendant-third-party plaintiff, Hamilton Stern Construction, LLC (Hamilton), to serve as the general contractor for an expansion project at its salon, and Hamilton, in turn, subcontracted with third-party defendant ES Systems, Inc. (ES Systems) for plumbing work. Plaintiff commenced this action asserting, as relevant to this appeal, causes of action against Hamilton for breach of express and implied warranty and breach of contract based upon allegedly defective plumbing work, and Hamilton thereafter commenced the third-party action against, among others, ES Systems asserting causes of action for common-law and contractual indemnification, contribution, and failure to procure insurance. ES Systems appeals from that part of an order that denied its motion for summary judgment dismissing the third-party complaint against it. We affirm.
Contrary to ES Systems's contention, viewing the evidence in the light most favorable to plaintiff and Hamilton and giving them the benefit of every reasonable inference, as we must in the context of ES Systems's motion (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that ES Systems's own submissions raise triable issues of fact whether the plumbing work that it performed was defective (see Scutella v Dill, 240 AD3d 1318, 1319 [4th Dept 2025]; McLaren v Mid-Town Athletic Club, LLC, 195 AD3d 1539, 1540 [4th Dept 2021]). Inasmuch as ES Systems did not meet its initial burden on the motion, the burden never shifted to [*2]plaintiff or Hamilton to submit evidence that ES Systems's plumbing work was defective, and denial of the motion was required regardless of the sufficiency of the opposing papers (see Scutella, 240 AD3d at 1319; Walker v Town of Webster, 197 AD3d 942, 943 [4th Dept 2021]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to ES Systems's further contention, section 12.2.2.1 of the contract between plaintiff and Hamilton, from AIA Document A201 2007 General Conditions of the Contract for Construction, was an optional specific performance provision under which plaintiff could demand Hamilton to correct defects discovered within one year of substantial completion on the project and was not a condition precedent to the present action (see Board of Educ. of the Marlboro Cent. Sch. Dist. v Piazza Bros., Inc., 107 AD3d 1089, 1090 [3d Dept 2013]; cf. Rifenburg Constr., Inc. v State of New York, 90 AD3d 1498, 1498 [4th Dept 2011]).
In light of our determination, we do not reach the parties' remaining contentions.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court