Ankrom v Williamson Flying Club, Inc. (2026 NY Slip Op 01908)

Ankrom v Williamson Flying Club, Inc.

2026 NY Slip Op 01908

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1020 CA 24-01316

[*1]DENNIS M. ANKROM, PLAINTIFF-APPELLANT,
vWILLIAMSON FLYING CLUB, INC.,
DEFENDANT-RESPONDENT. 

DREW & CARR P.C., BUFFALO (DEAN M. DREW OF COUNSEL), FOR
PLAINTIFF-APPELLANT.
LIONEL HECTOR, PAISLEY, FLORIDA, FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Wayne County (Richard M. Healy,
A.J.), entered July 25, 2024, in breach of contract actions. The order, insofar as appealed
from, granted the motions of defendant for summary judgment and dismissed the
complaints. 
It is hereby ORDERED that the order insofar as appealed from is unanimously
reversed on the law without costs, defendant's motions for summary judgment dismissing
the first complaint and second complaint are denied, and the complaints are
reinstated.
Memorandum: Plaintiff commenced a breach of contract action alleging, inter alia,
that defendant breached two 2017 airport access agreements (2017 Agreements) by
improperly increasing the access fees. As relevant on this appeal, the 2017
Agreements prevented defendant from raising such fees beyond what defendant charged
to its tenants using hangars on the airport property. Plaintiff subsequently commenced
another breach of contract action alleging, inter alia, that defendant had improperly
terminated the 2017 Agreements and seeking, inter alia, lost income. Defendant
separately moved for summary judgment dismissing the complaint in each action,
contending, inter alia, that defendant did not breach the 2017 Agreements inasmuch as it
did not charge plaintiff improper access fees and that plaintiff was not entitled to lost
income when defendant prohibited plaintiff's use of its facilities because plaintiff had
terminated the 2017 Agreements. Plaintiff appeals, as limited by his brief, from an order
to the extent that it granted defendant's motions and dismissed both complaints. We
reverse the order insofar as appealed from, deny the motions, and reinstate the
complaints.
On a motion for summary judgment, the movant "must make a prima facie showing
of entitlement to judgment as a matter of law . . . demonstrat[ing] the absence of any
material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
When evaluating the motion, the court "must view the evidence in the light most
favorable to the party opposing the motion" and "giv[e] that party the benefit of every
reasonable inference" (Esposito
v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]). If the movant does not make a
prima facie showing of entitlement to judgment as a matter of law, the motion must be
denied, regardless of the sufficiency of the opposing papers (see Alvarez, 68
NY2d at 324). Conversely, if the movant makes that prima facie showing, the burden
shifts to the opponent to establish that a triable issue of fact remains (see Zuckerman v
City of New York, 49 NY2d 557, 562 [1980]).
With respect to the first action, defendant failed to meet its initial burden on the
motion inasmuch as it failed to establish that any of its on-airport tenants or operators
were charged or paid the increased rates that defendant charged to plaintiff and,
consequently, we do not consider the sufficiency of plaintiff's opposing papers (see
generally Alvarez, 68 NY2d at 324). We conclude that Supreme Court should have
denied defendant's motion in the first action.
With respect to the second action, we conclude that defendant failed to meet its initial
burden on its motion of establishing that plaintiff terminated the 2017 Agreements when
he filed [*2]a complaint in the first action. In any event,
even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff
raised a triable issue of fact (see generally Zuckerman, 49 NY2d at 562). The
complaint sought alternative forms of relief, including damages for breach of contract,
and thus did not restrict the requested relief to a declaration that the 2017 Agreements are
null and void. Plaintiff also stated in his affirmation that at all times he intended to, and
acted in every way he believed necessary to, continue the 2017 Agreements in effect. We
thus conclude that a triable issue of fact exists whether plaintiff terminated the 2017
Agreements (see Goldin Real Estate, LLC v Shukla, 227 AD3d 674, 677 [2d Dept 2024]) and
that the court should have denied defendant's motion in the second action.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court